**Thomas T. ARNOLD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19302.**

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1964.

Thomas Theodore Arnold, in pro. per.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, George C. McCarthy, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLIN, MERRILL and BASTIAN, Circuit Judges.

HAMLIN, Circuit Judge.

Thomas T. Arnold, appellant herein, filed on October 10, 1963, in the United States District Court for the Southern District of California, Central Division, a motion under 28 U.S.C. § 2255 to vacate a sentence and dismiss plaintiff. The motion was handwritten and appellant appeared without an attorney. As is usual in such prisoner-prepared motions, it is difficult to determine just what contentions appellant makes. In the petition a great number of cases were cited which appear to have no connection with his contentions. He contends that his sentence was unlawful, but does not explain why. The record shows that appellant was charged with having on June 16, 1960, violated 18 U.S.C. § 2113(a) by robbing a branch of the Bank of America in Los Angeles and obtaining thereby $641.00. On June 17, 1960, defendant was charged in a complaint before the United States Commissioner with having committed the offense of bank robbery the day before and the complaint contains a statement that Arnold had admitted committing the offense. On June 29, 1960, the Grand Jury indicted appellant for the above mentioned crime. When the appellant was arraigned in the United States District Court upon this indictment, counsel was appointed for him and the matter was continued some two weeks for the entrance of a plea. On the day set for the plea, counsel for appellant moved the court for the appointment of a psychiatrist to examine appellant. Such order was made and an examination was

had of the appellant by a psychiatrist ordered by the court. The report presented to the court by the psychiatrist contained among other things admissions made by appellant that he had robbed the bank, that "he had told the lady that he had a gun," and that he was arrested close by the bank which he had just left. The psychiatrist then stated, "In my opinion there was no evidence of a psychosis or major mental illness existing in this individual at any time. This man has spent a substantial part of the last twenty-five years in penal institutions. In my opinion the defendant is presently sane, presently able to understand the proceedings against him, able properly to assist in his own defense, and was legally sane at the time of the commission of the offense charged against him."

On the basis of this report the district [court] judge found that Arnold was presently sane, "able to understand the proceedings against him and able to properly assist in his own defense." Shortly thereafter Arnold, still being represented by counsel, entered a plea of guilty and the matter was referred to the probation officer for investigation and report. After such investigation and report, the defendant was sentenced to a period of imprisonment for fifteen years. The report showed that the $641 charged to have been taken in the robbery was recovered within a few minutes from the defendant's person a short distance from the bank by Los Angeles police.

The district judge denied, without hearing, Arnold's motion for relief under section 2255, stating that "the court is of the view that the motion, files and records of the case conclusively show that the prisoner is entitled to no relief."

An appeal was timely taken to this court from the order of the district court. We have jurisdiction under 28 U.S.C. § 2255.

We agree that the petition filed with the district court is utterly without merit. Among other things, appellant complains that the teller in the bank from whom he took the money observed appellant for only a short time, that she became hys-terical and fainted, and that therefore she would not be able to make any positive indentification of him. He complains that the admitting of such evidence was prejudicial and harmful. The fact is that there was no trial. No witnesses appeared in court against him because he entered a plea of guilty to the charge. On the basis of appellant's petition and of the record before the district court, we see no merit in appellant's contention that the district court should have granted him a hearing.

Judgment affirmed.